IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JARVEST ADOLPH CLAYTON, § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. H-10-0468 |
| § | |
| RICK THALER, § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

The petitioner, Jarvest Adolph Clayton, seeks habeas corpus relief under 28 U.S.C. § 2254. Based on a careful review of the petition and the applicable law, this petition is dismissed for lack of jurisdiction because it is a successive petition filed without the necessary permission from the Court of Appeals.

In August 2002, in Cause Number 900895, a Texas state-court jury found Clayton guilty of aggravated robbery and sentenced him to a sixty-year prison term. The First Court of Appeals affirmed his conviction in February 2004. The Texas Court of Criminal Appeals refused the petition for discretionary review on July 28, 2004. On December 15, 2006, Clayton filed a federal petition, Civil Action No. H-06-4000, challenging this conviction. On June 29, 2007, the federal court dismissed Civil Action No. H-06-4000 because it was filed too late. Clayton filed the instant petition on February 10, 2010.

The district court may raise on its own the issue of whether a habeas corpus petition is successive. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). The dismissal of Clayton's earlier federal petition as time-barred in Civil Action Number 4:06-4000 was a final adjudication on the merits for purposes of the rules on second or successive petitions. *See Steve D. Thompson*

*Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 819-20 (5th Cir. 1989). *Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir. 2003), *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003); *Parker v. Dinwiddie*, 2007 WL 4290003 (10th Cir. 2007). The dismissal of Clayton's earlier federal petition based on limitations makes the instant federal petition successive. The statute of limitations is an irremediable defect barring consideration of Clayton's substantive claims.

The AEDPA requires that the Fifth Circuit authorize a district court to consider a successive application before it is filed in the district court. Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Clayton's successive application. This court therefore lacks jurisdiction to consider Clayton's habeas claims.

Clayton's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction. Clayton's motion to proceed *in forma pauperis,* (Docket Entry No. 3), is granted. Clayton's motion to show cause, (Docket Entry No. 7), is denied. Any remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find

it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Clayton has not made the necessary showing. A certificate of appealability is denied.

SIGNED on April 14, 2010, at Houston, Texas.

                                                 Lee H. Rosenthal
                                                 United States District Judge